```
JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
1111 H Street, #204
Sacramento, CA 95814
(916)444-3994
jmanninglaw@yahoo.com

Attorney for Defendant
SHANNON ARMSTRONG
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | Case No.: 2:15-CR-131-TLN |
|                                  ) | |
|            Plaintiff,            ) | STIPULATION REGARDING EXCLUDABLE TIME |
|                                  ) | PERIODS UNDER SPEEDY TRIAL ACT; |
| vs.                              ) | FINDINGS |
|                                  ) | |
| VALDEZ-TORRES et al.,            ) | Date:  April 7, 2016 |
|                                  ) | Time:  9:30 a.m. |
|            Defendants.           ) | Judge: Honorable Troy L. Nunley |
|                                  ) | |

    The United States of America through its undersigned counsel, Christiaan Highsmith, Assistant United States Attorney, together with counsel for defendant Shannon Armstrong, John R. Manning, Esq., hereby stipulate the following:

    1.  By previous order, this matter was set for status conference on April 28, 2016.  Subsequently, on March 8, 2016, this matter was calendared as to all defendants for arraignment on a superseding information.  Mr. Armstrong, who is in custody at the Sacramento Main Jail, was ill and could not be transported to the hearing.  Mr. Armstrong was calendared before this court for March 17, 2016, for arraignment on the superseding information and COP.

    2.  By this stipulation, the defendant now moves to continue this matter to April 7, 2016 at 9:30 a.m., for arraignment on the superseding

information and COP.  Time was previously excluded to April 28, 2016, under the Local Codes T-2 (unusual and complex) and T-4 (to allow defense counsel time to prepare).

    3.  The parties agree and stipulate, and request the Court find the following:

    a. As the court is aware, this is a "wire-tap" case wherein the government was "up on" multiple phone lines (four phone lines). Numerous federal and local law enforcement agencies had been investigating the individuals named in the indictment for several months prior to their respective arrests.  Initially the government produced over 800 pages of discovery and 5 discs containing audio recordings.  On October 27, 2015 the government distributed an additional 33 discs containing search warrant applications, search warrant pictures, and picture/video surveillance.

    b. Counsel for the defendant needs additional time to review the proposed plea agreement with the defendant and to discuss the relevant USSG calculations and sentencing factors.

    c. Mr. Armstrong is significantly ill.  Mr. Armstrong has a history of cardiac issues.  Presently, he is suffering from numbness in his left arm, as well as symptoms similar Irritable Bowel Syndrome. Additional time is further necessary to allow the jail to diagnose Mr. Armstrong's issues and prescribe a course of treatment.

    d. Counsel for the defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e. The government does not object to the continuance.

    f. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

    g. Time was previously excluded under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, to April 28, 2016.  Time was excluded to April 28, 2016, pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(ii) and(iv), corresponding to Local Codes T-2 and T-4 because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4.   Nothing in this stipulation and order shall preclude a finding that provision of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 14, 2016            /s/ John R. Manning
                                  JOHN R. MANNING
                                  Attorney for Defendant
                                  Shannon Armstrong

Dated:  March 14, 2016            Benjamin B. Wagner
                                  United States Attorney

                                  by: /s/  Christiaan Highsmith
                                  Christiaan Highsmith
                                  Assistant United States Attorney

**ORDER**

IT IS SO FOUND AND ORDERED this 14th day of March, 2016.

Troy L. Nunley
United States District Judge